IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRY McREYNOLDS, *et al.* ) | |
| ) | |
|     PLAINTIFFS, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-232-MEF |
| ) | [WO] |
| COTTON STATES INSURANCE, ) | |
| *et, al.,* ) | |
| ) | |
|     DEFENDANTS. ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This cause is before the Court on Plaintiffs' *Motion for Leave to Amend Bill of Complaint* (Doc. # 14) filed on March 30, 2005. Defendants have opposed this motion, indicating that Plaintiffs are seeking to amend the Complaint in a manner that destroys diversity jurisdiction in this case. While the Defendants sought oral argument in this matter, the court finds the briefs sufficiently thorough, and therefore denies the request for oral argument. Upon consideration of the record as a whole, the court finds that the Plaintiffs' motion is due to be DENIED.

### II. FACTUAL BACKGROUND

The parties' submissions establish the following facts:

This case arises from action in a prior case. From January 1996 through November 1998, Plaintiff Barry McReynolds ("McReynolds"), a citizen of Alabama, handled property damage claims for Cotton States, an insurance company that is a citizen of Georgia. After

he left Cotton States, a party not identified to this court sued McReynolds over an issue arising from a dry pond claim that McReynolds handled. During the litigation, the plaintiff subpoenaed McReynolds's personnel file from Cotton States. McReynolds alleges that his personnel file, as produced for the "dry pond" litigation, contained a number of false and defamatory memoranda; McReynolds believes that the alleged misinformation contributed to the result that a large monetary judgment was entered against him in that case.

After the "dry pond" suit concluded, McReynolds and his wife, Retha McReynolds, filed this suit against Cotton States and McReynolds's former supervisor, Bill Phillips, a citizen of Georgia, in the Circuit Court of Bullock County, Alabama on February 7, 2005. Plaintiffs also named additional individuals in the caption of the Complaint and served them, but did not allege any claims against those individuals in the body of the Complaint. The Complaint alleges the following counts: Count I Negligence by Cotton States; Count II Wanton and/or Reckless Indifference by Cotton States; Count III Fraudulent Misrepresentation by both Cotton States and Phillips; Count IV Libel and Slander by both Cotton States and Phillips.

On March 11, 2005, Defendants removed this Complaint to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. section 1332, which requires that all defendants be diverse from all plaintiffs and that the amount in controversy be greater than $75,000. Here, Plaintiffs are Alabama citizens, while Defendants Cotton States and Phillips are Georgia citizens, and this case meets the requirement for the amount in controversy.

On March 31, 2005, Plaintiffs filed a Motion for Leave to Amend Bill of Complaint and attached their proposed Amended Complaint. The Amended Complaint would allege claims against both diverse and non-diverse defendants. Specifically, the Amended Complaint would allege the same four claims as original Complaint, but it would allege each of these claims against currently-named Defendants Cotton States and Phillips as well as: Tom Bengston, Mike Herzberg, Paulette Ellington, Lewis Mallory, and Danny Strock. Plaintiffs also seek to add a claim for loss of consortium against all current and proposed defendants. Most of these individuals are diverse from Plaintiffs because they are citizens of Georgia; Lewis Mallory and Danny Strock, however, are citizens of Alabama.

### III. DISCUSSION

Defendants have removed this suit to federal court on the basis of diversity jurisdiction under 28 U.S.C. section 1332, arguing that Plaintiffs, as Alabama citizens, are completely diverse from the Defendants against whom the Plaintiffs assert claims, since Cotton States and Phillips are citizens of Georgia. This court concludes that the claim easily satisfies the requirement that the claim involve $75,000 or more because the Plaintiffs are seeking $20,000,000.

Plaintiffs wish to amend the Complaint to add claims against the other individuals named in the caption of the Complaint. Two of these individuals, Lewis Mallory and Danny Strock, are citizens of Alabama. The addition of these individuals as defendants in this case would destroy diversity jurisdiction.

As an initial matter, the court must examine the status of the parties listed in the caption but not in the Complaint to decide whether Plaintiffs seek to amend the Complaint to allege claims against current defendants or to amend the Complaint to add new defendants who would destroy subject matter jurisdiction. If the Plaintiffs seek to amend the Complaint to revise or add claims against current defendants, Rule 15(a) of the Federal Rules of Civil Procedure directs that "leave [to amend] shall be freely given when justice so requires," so long as the action has not yet been placed on the trial calendar. If the Plaintiffs seek to amend the Complaint to assert claims against new defendants who would destroy the Court's subject matter jurisdiction, however, the court must instead apply the standard detailed in 28 U.S.C. section 1447(e).

Here, the court concludes that Plaintiffs seek to assert claims against new defendants for reasons discussed below. The Complaint, as removed to this court, lists the following individuals in its caption: Cotton States Insurance Agency, Bill Phillips, Tom Bengston, Danny Strock, Lewis Mallory, Mike Herzberg, and Paulette Ellington. Plaintiffs, however, allege claims against only two of the Defendants, Cotton States and Phillips. Defendants properly note that "[a]lthough helpful to the court, the caption is not determinative as to the parties to the action." 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1321, 726-30 (1990); *see also Hoffman v. Halden*, 268 F.2d 280, 303 (9th Cir. 1959) (when a complaint lacked a caption, the court looked to the body of the complaint to determine the parties because "ordinarily the determination of whether or not a defendant is properly in the

case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption"). Alabama's state law endorses the same reasoning. *See Barnett v. Mobile County Pers. Bd.,* 536 So. 2d 46, 50 (Ala. 1988) (holding that even after a complaint was amended to attempt to add defendants, they were never properly joined because there were no allegations against them in the Complaint).

Here, the defect is more than just a spelling of a party's name in the caption that differs from the spelling in the body of the Complaint. Instead, this is the complete omission of multiple parties from the body of the Complaint. While Count II mentions Strock in the facts leading up to Plaintiffs allegations[1], the actual claim for relief specifically alleges a cause of action only against Cotton States and Phillips.[2] Mallory is not mentioned in the body of the Complaint. Therefore, the Plaintiffs did not allege a cause of action against any of the additional individuals while the case was in state court.

Plaintiffs selected the defendants and claims to include when they filed their state claims. The individuals that Plaintiffs seek to add today and their potential roles in this controversy are not based on newly discovered information, and, therefore, these claims and

---

[1] "Defendant Cottons States and Defendants Philips, Bengston, Strock, [sic] wantonly and/or with reckless disregard changed, altered and misconstrued Plaintiff Barry McReynolds' employment record; added, amended and changed such record, brought new documents into such record which should not have been in the file before such termination and otherwise caused such employment file to contain falsified and fraudulent documents." Pl. Compl ¶ 39, Count II.

[2] "WHEREFORE as a result of Defendant Cotton States Insurance Company and Defendant Bill Phillips [sic] wanton indifference, Plaintiff Barry McReynolds makes demand on Defendant Cotton States Insurance Company in the amount of $10,000,000.00 compensatory and $10,000,000.00 punitive damages." Pl. Compl ¶ 42, Count II.

individuals could have been included earlier but for inattention or purposeful choice on the part of the Plaintiffs. The Complaint, however, only contains claims against Phillips and Cotton States. While the individuals that Plaintiffs now seek to add were listed in the caption and served in state court, no claims were alleged against them, and, under the reasoning described above, this court does not consider them to be defendants absent an amendment to the Complaint.

As a result, the court will consider the amendment to add claims against these parties to be an amendment designed to add new defendants in the case; and as such, it must be analyzed under 28 U.S.C. section 1447(e). When applying 28 U.S.C. section 1447(e) to determine whether to allow an amendment that destroys diversity jurisdiction, the court examines the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied,* 493 U.S. 851 (1989).[3]

Plaintiffs allege that they are not seeking to defeat federal jurisdiction through their

---

[3] Although *Hensgens* pre-dates the enactment of 28 U.S.C. section 1447(e), its factor analysis still guides courts today. *Carter v. Dover Corp., Rotary Lift Div.,* 753 F. Supp. 577, 579 (E.D. Pa. 1991) ("Virtually every court to address the joinder question since the enactment of § 1447(e) views the statute as . . . providing for a flexible, broad discretionary approach of the type prescribed in *Hensgens*"); *see also Bevels v. Am. States Ins. Co.,* 100 F. Supp. 2d 1309, 1313 n.3 (M.D. Ala. 2000); *Jerido v. Am. Gen. Life & Accident Ins. Co.,* 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001).

6

Motion to Amend. Instead, they argue that they always intended to file claims against all individuals named in the caption, but failed to do so through a clerical error. Plaintiffs represent that this Motion to Amend, therefore, is an attempt to file the version of the Complaint that they originally intended.

The court is not persuaded by the Plaintiffs' contentions. Instead, the court finds that this case is similar to others in which the Plaintiffs sought to add non-diverse defendants just weeks after removal even though the Plaintiffs knew the identities and roles of the individuals well before removal. For example, the court is persuaded by the reasoning of cases such as *In re Norplant Contraceptive Products Liability,* in which a request to add a non-diverse surgeon was denied when both the identity and role of that surgeon were known to the parties prior to the start of the litigation. 898 F. Supp. 429, 432 (E.D. Tex. 1995); *See also e.g. Bevels*, 100 F. Supp. 2d at 1313 n.3 (M.D. Ala. 2000); *Jerido*, 127 F. Supp. 2d at 1325 (M.D. Ala. 2001). Courts have generally entertained amendments that destroy diversity only when such amendments are obvious misspellings or confusion between the name listed in the caption and a similar name listed in the Complaint, or information that reveals a party's role for the first time after the filing of the Complaint. *See J. Lewis Cooper Co. v. Diageo N. Am. Inc.*, 370 F. Supp. 2d 613, 618-619 (E.D. Mich. 2005) (allowing joinder of a non-diverse defendant as a replacement for another non-diverse defendant who was mistakenly joined when the issue was an obvious matter of confusion because the original defendant was named in the both the caption and the complaint in circumstances accurately describing the

7

non-diverse defendant's actions, and it had a similar name, and the same address).

Here, the court finds that under the first two factors enumerated in *Hensgens*, given the Plaintiffs' state of knowledge when they filed the Complaint, the Plaintiffs have been dilatory under these facts by seeking to defeat diversity jurisdiction through this Motion to Amend. Plaintiffs were fully aware of the potential role of all individuals named in the caption of the Complaint at the time they filed it in state court. In addition, while the assertion that the individuals were named in the caption carries some weight, ultimately, it is insufficient to establish that these additional individuals were defendants at the time of removal because Plaintiffs fail to allege any causes of action against them in the body of the Complaint. Plaintiffs took the time to specifically allege their claims against particular defendants in that Complaint, and alleged each claim against a different combination of defendants; they allege the first two claims only against Cotton States and the second two claims against Cotton States as well as Phillips. Given this attention to detail, and the ease with which Plaintiffs could have alleged the claims against all defendants at the original filing, the court concludes that the Plaintiffs carefully considered their choice of defendants. This leads the court to determine that these factors weigh against allowing the amendment because the Plaintiffs appear to be attempting to defeat diversity jurisdiction after removal by adding parties that they could easily have added in advance of removal. *See In re Norplant,* 898 F. Supp. at 432.

Next, the court finds that the Plaintiffs will not be significantly injured if their

amendment is denied. The Plaintiffs have not alleged any reason that they cannot sue these additional parties in state court, or that they cannot achieve complete relief if these parties are not added. *Cf. Jones v. Rent-A-Center E.*, 356 F. Supp. 2d 1273, 1276-7 (M.D. Ala. 2005) (allowing amendment to add employees when employer asserted a defense that the employees were not acting within the scope of their employment). Plaintiffs do seek to add one claim for loss of consortium; even this claim can be pursued against some defendants in federal court and against other defendants in state court, if Plaintiffs so choose. In addition, Plaintiffs can still engage in full discovery on their claims without the addition of the non-diverse individuals. Moreover, filing a separate suit in state court against the additional individuals is not an insurmountable obstacle, and any inconvenience would be due to errors or omissions made by the Plaintiffs themselves.

Finally, the equities do not weigh in favor of granting this amendment. In balancing the equities, the parties do not start out on an equal footing. *Sexton v. G & K Servs., Inc.,* 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). This is because of a diverse defendant's right to choose between a state or federal forum when complete diversity exists. *Bevels,* 100 F. Supp. 2d at 1313 (M.D. Ala. 2000). Plaintiffs have not cited any extraordinary circumstances that would warrant the court to further balance the equities to allow this amendment.

Ultimately, since the Plaintiffs had the knowledge and ability to add additional defendants and claims when this case was originally filed, but did not do so, and the

Plaintiffs can seek complete relief without adding these individuals, the court concludes that Plaintiffs should not be allowed to file their proposed Amended Complaint because it would, *inter alia*, add parties Lewis and Mallory, who would impermissibly destroy complete diversity in this case.  The court is aware that Plaintiffs' Motion for Leave to Amend Bill of Complaint also attempts to add claims against existing defendants and to add additional defendants who would not destroy diversity in this case; the court offers no opinion as to whether those requests would be approved if submitted on their own in a new motion.

For the reasons discussed above, pursuant to this court's analysis under 28 U.S.C. section 1447(e), Plaintiffs' Motion for Leave to Amend Bill of Complaint is due to be DENIED.

## **II. CONCLUSION**

Accordingly, it is ORDERED that *Plaintiffs' Motion for Leave to Amend Bill of Complaint* (Doc. # 14) is DENIED.

Plaintiffs may file a Motion to Amend the Complaint consistent with the directives of this Memorandum Opinion and Order on or before September 6, 2005.

DONE this the 31st day of August, 2005.

                                                /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE